COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Beales, McCullough and Senior Judge Clements
Argued at Alexandria, Virginia


TERRY LANG DILLSWORTH

                                                    OPINION BY
v.        Record No. 0870-12-4        JUDGE JEAN HARRISON CLEMENTS
                                                    MAY 14, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CLARKE COUNTY
John E. Wetsel, Jr., Judge

Krystal A. Omps (William August Bassler, PLC, on brief), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Terry Lang Dillsworth (hereinafter "appellant") was convicted of possession of a firearm

after being convicted of a violent felony.  The Commonwealth relied upon a prior Maryland

conviction for assault with the intent to maim under Maryland Code Art. 27, § 386 (1952, 1982

Repl. Vol.), to prove the predicate violent felony offense required by Code § 18.2-308.2.  On

appeal, appellant maintains the evidence was insufficient to support his firearm conviction

because the Maryland conviction is not substantially similar to the Virginia offense proscribed

by Code § 18.2-51.  He also asserts the trial court erred by admitting evidence of his entire

criminal history rather than limiting the evidence to only those records establishing a prior

violent felony conviction.  Finding no error in the trial court's decision, we affirm appellant's

conviction.

BACKGROUND

In assessing the sufficiency of the evidence to support a conviction, "'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). However, the determination regarding whether appellant's assault with intent to maim conviction is "substantially similar" to the offense proscribed by Code § 18.2-51, is a question of law, and we review the trial court's judgment on this question *de novo*. See Johnson v. Commonwealth, 53 Va. App. 608, 611, 674 S.E.2d 541, 542 (2009) (citing Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006); Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001)).

Appellant was charged with violating Code § 18.2-308.2. Pursuant to subsection (A) of that statute, appellant was subject to a mandatory minimum term of five years if he was found to have possessed a firearm after having been convicted of a "violent felony" as defined by Code § 17.1-805. Under Code § 17.1-805(C), a violation of Code § 18.2-51 is a violent felony. As required by Code § 19.2-297.1(B),[1] the Commonwealth could rely on appellant's Maryland conviction as proof of a prior violent felony only if the Maryland offense was "substantially similar" to a violent felony in Virginia. The trial court concluded that the provision of the Maryland statute under which appellant was convicted was substantially similar to the offense proscribed by Code § 18.2-51, and found appellant guilty of violating Code § 18.2-308.2. This appeal followed.

---

[1] Code § 19.2-297.1(B) provides that "[p]rior convictions shall include convictions under the laws of any state or of the United States for any offense substantially similar to those listed under 'act of violence' if such offense would be a felony if committed in the Commonwealth."

ANALYSIS

Appellant contends the evidence was insufficient to support his conviction because his Maryland conviction for assault with intent to maim is not substantially similar to the offense in Code § 18.2-51. Appellant was convicted in 1985 of assault with intent to maim in violation of Maryland Code Art. 27, § 386 (1952, 1982 Repl. Vol.). At that time, the statute provided in pertinent part as follows[2]:

> If any person shall . . . assault . . . any person, with intent to maim, disfigure or disable such person, or with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained, every such offender . . . shall be guilty of a felony and, upon conviction thereof, be punished by confinement in the penitentiary for a period not less than eighteen months nor more than ten years.

By comparison, Code § 18.2-51 states:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

In deciding whether the Virginia and Maryland offenses are "substantially similar," "'we look to the elements of the two [offenses] rather than to the offender's conduct.'" Dean v. Commonwealth, 61 Va. App. 209, 215, 734 S.E.2d 673, 676 (2012) (quoting Commonwealth v. Ayers, 17 Va. App. 401, 402, 437 S.E.2d 580, 581 (1993)).[3] "'Only that prohibition of the other

_____

[2] In 1996 the Maryland General Assembly repealed this statute and other assault provisions in Article 27, and replaced them with §§ 12, 12A, and 12A-1. These provisions were subsequently repealed in 2002, and replaced by new sections in Title 3 of the Criminal Law Article.

[3] Appellant argues the trial court erred by relying on his conduct "in lieu of examining the actual text of the statutes to determine whether they were substantially similar," but he does not raise this specific issue in his assignment of error. Rather, the assignment of error is limited to the question of whether the evidence was sufficient to support his conviction because it failed to prove his Maryland conviction was "substantially similar" to a conviction under Code § 18.2-51.

state's law under which the [defendant] was convicted must substantially conform.'" West v. Commonwealth, 14 Va. App. 350, 353, 416 S.E.2d 50, 51 (1992) (quoting Cox v. Commonwealth, 13 Va. App. 328, 331, 411 S.E.2d 444, 446 (1991)). As we recently observed, "[k]ey to our analysis . . . is the established principle that a crime in another state is not 'substantially similar' to the most closely corresponding crime under Virginia law if the other state's law 'permits convictions for acts which could not be the basis for convictions under [the Virginia law at issue].'" Dean, 61 Va. App. at 215, 734 S.E.2d at 676 (quoting Cox, 13 Va. App. at 330-31, 329, 411 S.E.2d at 446, 445) (citation omitted). In Cox

> the record of appellant's convictions . . . indicate[d] only that he was convicted under a state statute and a city ordinance. This description permit[ted] us to conclude only that the appellant committed the offense while operating a motor vehicle. *It [did] not specify the specific provision of the ordinance he violated.*

Cox, 13 Va. App. at 331, 411 S.E.2d at 446 (emphasis added). Accordingly, in Cox we were "compelled" to examine the entire West Virginia ordinance to ascertain whether it permitted convictions not permitted under the comparable Virginia statute. See Honaker v. Commonwealth, 19 Va. App. 682, 684, 454 S.E.2d 29, 30 (1995) (explaining Cox).

Here, by contrast, the record of appellant's conviction includes a reference to the specific provisions of the Maryland statute he violated. Accord id. at 685, 454 S.E.2d at 31 (substantial similarity found where "record disclose[d] the specific prohibition of the West Virginia law -- driving and operating a motor vehicle upon a public highway in West Virginia while under the influence of alcohol -- under which Honaker was convicted"). As appellant's conviction record expressly states he was convicted of assault with the intent to maim, we are not compelled to examine the Maryland statute in its entirety to determine whether it permits convictions not encompassed by the Virginia statute.

Thus, in undertaking our analysis, we need not consider the intent provisions of the Maryland statute which appellant asserts distinguish it from Code § 18.2-51, i.e. the "intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained."[4] Based upon the record before us, the provisions of the Maryland statute under which appellant was convicted included the intent to maim. As a result, the provision under which appellant was convicted in Maryland criminalized the same behavior as Code § 18.2-51. Cf. Dean, 61 Va. App. at 222, 734 S.E.2d at 680 (Maryland robbery offense was not substantially similar to robbery in Virginia because, "based on a comparison of the elements of the crimes in these two states, appellant could have been convicted in Maryland of behavior which would not have been a crime in Virginia . . . .").

Accordingly, we hold that the trial judge did not err in finding that the "prohibition" of Maryland law under which appellant was convicted substantially conformed to Code § 18.2-51, and, therefore, appellant's Maryland conviction could be used as a predicate offense to establish he had a prior violent felony conviction in violation of Code § 18.2-308.2(A).

Appellant also contends that the trial court erred by admitting documents pertaining to his entire criminal history in Maryland, as opposed to limiting the evidence to those records establishing a prior violent felony conviction. We review a trial court's decision regarding the admissibility of evidence for abuse of discretion. Juniper v. Commonwealth, 271 Va. 362, 412, 626 S.E.2d 383, 415 (2006).

Appellant argues that the admission of his entire criminal file was error because it included "irrelevant and extremely prejudicial material" that was "likely a driving force in the Court's finding that [he] was previously convicted of a violent felony." However,

---

[4] As appellant argues only that the intent requirements in the Maryland statute distinguish it from Code § 18.2-51, we do not address whether the elements of the offenses are substantially different in any other respect.

> "[a] judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). Consequently, we presume that a trial judge disregards prejudicial or inadmissible evidence . . . . "[T]his presumption will control in the absence of clear evidence to the contrary."

Cole v. Commonwealth, 16 Va. App. 113, 116, 428 S.E.2d 303, 305 (1993) (citation omitted) (quoting Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (*en banc*)). This is particularly true where "the trial court's statements clearly establish its awareness of this responsibility." Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997).

In countering this presumption, appellant cites the trial judge's comments during the hearing on his motion to set aside the verdict. During the hearing, the trial judge read the following excerpt from the Maryland documents:

> Petitioner Terry Lang Dillsworth after conviction by an Allegheny County jury was sentenced to consecutive terms for assault with intent to maim, disfigure, or disable and 3rd degree sexual assault. At the trial the victim testified that when Dillsworth attacked her he said he was going to "rip out her vagina." [S]he further said "He put his hand inside me and threatened to pull and tear at me." Next Dillsworth threatened to rip out the victim's throat. He placed two or three fingers down her throat and choked her.

While the trial judge read this passage from the Maryland record, he also consistently stated that his decision finding the Maryland statute in substantial conformity to the offense proscribed by Code § 18.2-51 was based upon his comparison of the two states' laws. At the same hearing in which the trial judge referred to the victim's testimony, he explained his ruling at trial as follows:

> But I am saying this [the statute] is in the disjunctive. If any person shall lawfully shoot at any person or shall in any manner unlawfully and maliciously attempt or shall unlawfully and maliciously stab or wound or cut any person with the intent to maim or disfigure. Now that is the operative provision I found. So

as a practical matter this statute, as I read it, has three acts that are potentially covering. So you are right on that point. But as I understood it from parsing the record the last time it was under the shall unlawfully and maliciously stab, cut, or wound any person or shall assault or beat any person with the intent to maim, disfigure, or disable such person. *That is the operative provision that I found was like our malicious or unlawful wounding statute.*

(Emphasis added.)[5]

Assuming, without deciding, however, that the trial judge erred by considering the victim's testimony in the Maryland record, such error was harmless. "An error is harmless '[i]f, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect . . . .'" <u>Burnette v. Commonwealth</u>, 60 Va. App. 462, 481 n.4, 729 S.E.2d 740, 749 n.4 (2012) (quoting <u>Clay v. Commonwealth</u>, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001)). Here, once the Commonwealth proved appellant possessed a firearm after having been convicted of a violent felony, the trial judge had no discretion in sentencing because appellant was subject to a mandatory five-year sentence under Code § 18.2-308.2.

Accordingly, the trial court did not commit reversible error by admitting the Maryland records. For all of the aforesaid reasons, we affirm appellant's conviction.

<u>Affirmed.</u>

---

[5] In addition, when the trial judge began his review of appellant's criminal records from Maryland, he indicated he would consider only those records establishing a prior violent felony substantially similar to one in Virginia. He stated, "I only need to find one. And I will say this, I am only going to find one. After I find one, that is it. I mean this is like everything else is cumulative."