COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference


CURTIS LEE MASON
                                                              OPINION BY
v.       Record No. 0678-14-3                    JUDGE WILLIAM G. PETTY
                                                              APRIL 14, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Carlos A. Hutcherson (Hutcherson Law, PLC, on briefs), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Curtis Lee Mason appeals his jury conviction for possession of cocaine with intent to

distribute, third or subsequent offense, in violation of Code § 18.2-248.  On appeal, he contends

the trial court erred in denying his "motion *in limine* related to limiting any reference to prior

convictions in another state, for third or subsequent purposes, where the convictions were not

substantially similar to the instant charge."[1]  We agree in part and disagree in part.  Thus, we

reverse Mason's conviction and remand for a new trial.

---

[1] Mason presented a second assignment of error alleging the trial court erred in denying
his "motion to set aside the jury verdict based on the failure of the Commonwealth to prove that
the New [York] convictions were substantially similar to the Virginia statute for third or
subsequent purposes."  His argument in support of this assignment of error simply referenced the
argument he made supporting the first assignment of error.  Accordingly, we consider this to
simply reference an additional method by which his first assignment of error was preserved in
the trial court.

I.  BACKGROUND

Mason was charged with possession of cocaine with intent to distribute, third or subsequent offense.  Mason made a motion *in limine* seeking to prevent the Commonwealth from presenting as evidence New York Certificates of Disposition showing three prior convictions: (1) "attempted criminal sale of a controlled substance 3rd degree PL 110-220.39 01" (hereinafter "NY PL § 220.39(1)")[2] on July 18, 1988; (2) "attempted criminal sale of a controlled substance 5th degree PL 110-220.31 00 " (hereinafter "NY PL § 220.31"), for which he "was sentenced as a second felony offender" on June 24, 1992; and (3) "attempted criminal sale of a controlled substance 5th degree," in violation of NY PL § 220.31 on February 15, 2000.

The Commonwealth argued that the prior convictions were admissible in its case-in-chief for purposes of proving the prior offenses required for a third or subsequent offense conviction. Mason argued that the convictions were not admissible because the New York statutes were not "substantially similar" to Code § 18.2-248.  Mason contended that according to this Court's holdings in Dillsworth v. Commonwealth, 62 Va. App. 93, 741 S.E.2d 818 (2013), and Dean v. Commonwealth, 61 Va. App. 209, 734 S.E.2d 673 (2012), a crime in another state is not substantially similar to the corresponding crime under Virginia law, for purposes of proving subsequent offense, if the other jurisdiction's law permits convictions for acts which could not be the basis for a conviction in Virginia law.  Further, Mason provided the trial court with an

--------

[2] In Mason's opening brief, he refers only to the language of  NY PL § 220.39(1).  See Appellant's Br. at 6.  Likewise, in its brief, the Commonwealth stated that "Mason was convicted of violating subsection '01' of Penal Law § 220.39.  Subsection 1 of that statute prohibits the sale of a narcotic drug."  See Appellee's Br. at 20.  Adopting the argument presented by both parties, and viewing the facts in the light most favorable to the Commonwealth, we conclude that the statute referred to in the order of conviction is NY PL § 220.39(1).  Where the record of appellant's conviction includes a reference to the specific provision of the other state's statute he violated, we analyze only that provision in determining substantial similarity.  Dillsworth v. Commonwealth, 62 Va. App. 93, 99, 741 S.E.2d 818, 821(2013).

opinion by New York's highest court, which Mason contended establishes that a person could be convicted under NY PL § 220.31 and NY PL § 220.39(1) for conduct that would not be the basis for conviction under Code § 18.2-248.

The trial court denied the motion to restrict reference to the convictions. The court noted "[t]he gravamen of the New York offense is substantially similar [to the Virginia code section]." The court reasoned that it didn't "know of any two statutes that could be any more substantially similar [because t]hey both make the sale of a controlled substance a felony offense." Therefore, the court denied the motion and found "the statute[s] of New York [are] substantially similar to the statute in Virginia."

Consequently, the convictions were admitted during the guilt phase of the trial. The jury found Mason guilty of possession with intent to distribute, third or subsequent offense. Mason filed a post-conviction motion to set aside the jury's verdict on the basis that the New York statutes were not substantially similar to Code § 18.2-248 and thus were improperly admitted. The court denied Mason's motion. This appeal followed.

II. ANALYSIS

A. STANDARD OF REVIEW

"Generally, '[w]e review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb [that] decision . . . absent a finding of abuse of that discretion.'" Dean, 61 Va. App. at 213, 734 S.E.2d at 675 (quoting Herndon v. Commonwealth, 280 Va. 138, 143, 694 S.E.2d 618, 620 (2010)). However, "to the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Id. (quoting Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011)). Further, "the determination regarding whether appellant's [prior] conviction is 'substantially similar' to the offense proscribed by Code § [18.2-248] is a question

of law, and we review the trial court's judgment on this question *de novo.*" Dillsworth, 62 Va. App. at 96, 741 S.E.2d at 819.

B. CODE § 18.2-248

The Code of Virginia allows for enhanced or mandatory minimum punishments for some offenses upon the defendant's subsequent conviction(s) of the same or other designated offenses. Many of these provisions include as prior convictions those offenses committed under "substantially similar" statutes in other states.[3] Appellate courts in Virginia have analyzed "substantially similar" in the context of several of these statutes,[4] but until now have not addressed what is a substantially similar offense in the context of Code § 18.2-248.

"'The proper course [in this case as in all cases of statutory construction] is to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'" Johnson v. Commonwealth, 53 Va. App. 608, 611, 674 S.E.2d 541, 542 (2009) (alteration in original) (quoting Colbert v. Commonwealth, 47 Va. App. 390, 395-96, 624 S.E.2d 108, 111 (2006)). "The object of all interpretation and construction of statutes is to ascertain and carry out the intention of the lawmakers, and when the intention is ascertained it must always govern." Kirkpatrick v. Board of Sup'rs, 146 Va. 113, 125, 136 S.E. 186, 190

---

[3] See, e.g., Code §§ 18.2-46.1 (defining "predicate criminal act" to include "any substantially similar offense under the laws of another state"); 18.2-67.5:2 (defining "prior convictions" for purposes of enhanced sentencing to include "convictions for felonies under the laws of any state or the United States that are substantially similar to those listed in [the prior] subsection"); 18.2-270 (allowing convictions under "substantially similar laws of any other state or the United States" when determining number of convictions for "subsequent offense" purposes).

[4] See, e.g., Shinault v. Commonwealth, 228 Va. 269, 321 S.E.2d 652 (1984) (Code § 18.2-270); Dillsworth, 62 Va. App. 93, 741 S.E.2d 818 (Code § 18.2-308.2); Dean, 61 Va. App. 209, 734 S.E.2d 673 (Code § 19.2-297.1); Johnson v. Commonwealth, 53 Va. App. 608, 674 S.E.2d 541 (2009) (Code § 18.2-472.1); Cox v. Commonwealth, 13 Va. App. 328, 411 S.E.2d 444 (1991) (Code § 18.2-266).

- 4 -

(1926). The intent of the legislature "is usually self-evident from the statutory language." Johnson, 53 Va. App. at 613, 674 S.E.2d at 543. "Furthermore, it is our 'duty . . . to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.' Thus, we 'will look to the whole body of [a statute] to determine the true intention of each part.'" Gordon v. Ford Motor Co., 53 Va. App. 616, 622, 674 S.E.2d 545, 547-48 (2009) (alterations in original) (quoting Oraee v. Breeding, 270 Va. 488, 498, 621 S.E.2d 48, 52 (2005)) (internal citation omitted).

Code § 18.2-248(A) provides that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Subsection (C) of the statute sets out the punishment for "any person who violates this section with respect to a controlled substance classified in Schedule I or II[.]" Therefore, when the Commonwealth seeks to impose the punishment set out in subsection (C), it must show both that the defendant committed conduct prohibited by subsection (A)[5] *and* that the substance involved was classified in Schedule I or II.

Code § 18.2-248(C) also provides for mandatory minimum punishment for subsequent offenses in violation of the same subsection. Specifically, as applicable here,

> When a person is convicted of a third or subsequent offense under this *subsection* and it is alleged in the warrant, indictment or information that he has been before convicted of two or more *such offenses or of substantially similar offenses in any other jurisdiction which offenses would be felonies if committed in the Commonwealth* [a mandatory minimum punishment must be rendered].

---

[5] Mason did not raise, at trial or on appeal, the question of whether a conviction for *attempt* qualifies as a prior conviction for purposes of subsection (C). We therefore do not address that question here.

Code § 18.2-248(C) (emphasis added).[6] The plain language of the statute indicates the legislature intended that "substantially similar offenses" would be treated the same as qualifying convictions for offenses committed in the Commonwealth. See Johnson, 53 Va. App. at 612, 674 S.E.2d at 543 ("When interpreting a statute, courts 'are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language.'" (quoting Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006))).

The legislature did not define the phrase "substantially similar." However, in the context of determining if another state's statute is substantially similar to a code section, this Court has previously "establish[ed] that two things are 'substantially similar' if they have common core characteristics or are largely alike in substance or essentials." Johnson, 53 Va. App. at 613, 674 S.E.2d at 543.

Thus, our goal is to "follow the true intent of the legislature," id. at 611, 674 S.E.2d at 543, by including those convictions from other jurisdictions that the General Assembly has authorized, and no others. Simply put, to be substantially similar, and therefore admissible for the purposes of establishing a third or subsequent offense, the offense from another jurisdiction must be for conduct that would be a violation of Code § 18.2-248(A) *and* the substance at issue in the other state's conviction must be classified in Schedule I or II in Virginia.

C.  MASON'S NEW YORK CONVICTIONS

It is well established that "the Commonwealth bears the burden of proving an out of state conviction was obtained under laws substantially similar to those of the Commonwealth. If the

---

[6] Code § 18.2-248(C1) (dealing with methamphetamine) and Code § 18.2-248.1 (dealing with marijuana) contain the same language regarding substantially similar offenses from other jurisdictions.

Commonwealth shows substantial similarity, the burden shifts to the defendant to produce 'evidence of dissimilarity.'" Dean, 61 Va. App. at 214, 734 S.E.2d at 676 (citation omitted) (quoting Rufty v. Commonwealth, 221 Va. 836, 839, 275 S.E.2d 584, 586 (1981)). Dissimilarity may be shown, for example, if "under the Virginia statute, one would not necessarily be found guilty of an offense even though having been found to have committed the same act." Cox v. Commonwealth, 13 Va. App. 328, 330, 411 S.E.2d 444, 446 (1991). In other words, the statutes are not substantially similar "if a person may be convicted of an offense under another jurisdiction's statute for conduct which might not result in a conviction under [the code section at issue]." Id. In Cox, we reasoned that "[i]f a conviction in another state is based on conduct which is not a violation of [the Virginia Code], then to consider it under [a subsequent offense statute] would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized." Id.

1. The Text of the Statutes

To meet its initial burden of showing that Mason's New York convictions were for offenses that were substantially similar to the prohibited conduct in Code § 18.2-248(C), the Commonwealth relied on the plain text of the statutes.[7]

According to NY PL § 220.31, "A person is guilty of criminal sale of a controlled substance in the fifth degree when he knowingly and unlawfully sells a controlled substance." Similarly, NY PL § 220.39(1) provides, in relevant part, "A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells: 1. a narcotic drug[.]"

---

[7] The Commonwealth provided to the trial court a copy of the current version of the New York statutes. The Commonwealth did not assert that the language of the statutes is the same today as when Mason was convicted in 1988, 1992, and 2000 respectively. However, because Mason did not raise this issue, we do not address it here.

Code § 18.2-248(A) states that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance."

The Commonwealth argued to the trial court that the similarity in language between the New York statutes and Code § 18.2-248(A) makes the statutes substantially similar. The trial court reasoned that the "gravamen" of the New York statutes was substantially similar to Code § 18.2-248(A). The court concluded, "Clearly, both statutes in this context—I don't know of any two statutes that could be any more substantially similar [to Code § 18.2-248(A)]. They both make the sale of a controlled substance a felony offense." We agree. Under the facts of this case, the Commonwealth established substantial similarity between Code § 18.2-248(A) and the New York statutes. Looking at the plain language of the New York statutes and of Code § 18.2-248(A), it is apparent that they both prohibit the same conduct. Both statutes make it unlawful to sell certain controlled substances. Furthermore, no appellate court in Virginia has construed our statute in a way that would limit the plain meaning of the word "sell." Thus, the New York statutes and Code § 18.2-248(A) "have common core characteristics or are largely alike in substance or essentials." Johnson, 53 Va. App. at 61, 674 S.E.2d at 543.

However, that does not end our analysis. For a prior conviction to be admissible for purposes of proving a subsequent conviction under Code §18.2-248(C), the plain language of the subsection requires the Commonwealth to show both that the conviction was for a "substantially similar offense in [the] other jurisdiction" *and* that the violation was "with respect to a controlled substance classified in Schedule I or II."

## 2. New York Penal Law § 220.31

The Commonwealth failed to present to the trial court any evidence that the substances involved in Mason's NY PL § 220.31 convictions are classified in Schedule I or II in Virginia.[8] Under New York law, a "controlled substance" is defined in NY Public Health § 3302 as a substance "listed in section thirty-three hundred six of this chapter." In turn, NY Public Health § 3306 provides "five schedules of controlled substances, to be known as schedules I, II, III, IV and V respectively." Consequently, Mason's conviction under NY PL § 220.31 could have been for a controlled substance classified in Schedule III, IV, or V. Likewise, because conviction of some controlled substances are misdemeanors in Virginia, the Commonwealth failed to show that the offense Mason was convicted of under NY PL § 220.31 would have been a felony in Virginia. Mason's NY PL § 220.31 convictions, therefore, could have been "for conduct which might not result in a conviction under [Code § 18.2-248(C)]." Cox, 13 Va. App. at 331, 411 S.E.2d at 446. And if Mason's conviction "is based on conduct which is not a violation of [Code § 18.2-248(C)], then to consider it under [that subsection] would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized." Id.

---

[8] The Commonwealth argues on appeal that it "proffered to the court that two of the defendant's New York offenses involved cocaine," citing page ten of the sentencing transcript. Page ten was not included in the joint appendix. We rely upon the parties to include in the appendix those portions of the trial record that are necessary to decide the appeal. "By requiring the publication and distribution of an appendix which excludes all irrelevances, the Rules of Court expedite the adjudication of the appeal and reduce the costs. By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1010, 254 S.E.2d 64, 66 (1979) (per curiam). "In the absence [of a sufficient appendix], we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). Moreover, to the extent that the Commonwealth "proffered" this evidence during the sentencing hearing, that was far too late, especially in a jury trial, to offer evidence supporting admissibility of the prior convictions.

The Commonwealth failed to show that Mason's convictions under NY PL § 220.31 were substantially similar offenses under Code § 18.2-248(C) for purposes of establishing third or subsequent offense. Furthermore, because the certificates of disposition constituted the only evidence of third or subsequent offense, we cannot say that the error was harmless. As a result, the trial court erred in admitting Mason's NY PL § 220.31 convictions for purposes of proving predicate convictions under Code § 18.2-248(C).

### 3. New York Penal Law § 220.39(1)

Mason's 1988 conviction is a different matter. That conviction was under NY PL § 220.39(1), which provides that "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells: 1. A narcotic drug[.]" A narcotic drug, in New York, "means any controlled substance listed in schedule I(b), I(c), II(b) or II(c) other than methadone." NY PL § 220.00. All the substances listed in these subsections of New York's Schedules I and II are also listed on Virginia's Schedules I and II. See NY Public Health § 3306; Code §§ 54.1-3446 to -3447. Therefore, although the Commonwealth did not introduce evidence as to the identity of the substance involved in Mason's NY PL § 220.39(1) conviction, any substance for which he was convicted under this subsection would necessarily have qualified as a Schedule I or II substance in Virginia. Additionally, a conviction for any substance encompassed by NY PL § 220.39(1) would necessarily have been a felony if committed in Virginia by virtue of the punishment for an offense involving a Schedule I or II drug set out in Code § 18.2-248(C).

The plain language of the statutes establish that NY PL § 220.39(1) and Code § 18.2-248(C) are "largely alike in substance" because both statutes make it unlawful to sell a controlled substance. Further, it is apparent from the New York definition of a "narcotic drug" that the prior convictions under this statute related to a substance classified in Schedule I or II.

- 10 -

This showing was sufficient "to carry the Commonwealth's burden of proving substantial similarity and to shift to the defendant the burden of going forward with evidence of dissimilarity." Rufty, 221 Va. at 839, 275 S.E.2d at 586.

### 4. Mason's Arguments as to Dissimilarity

Mason contends the New York statutes are *not* substantially similar to the code section because New York case law establishes that a person can be convicted under the New York statutes without ever possessing the controlled substance, while possession is a required element in Virginia. Mason relies on our analysis in Dean to support his argument.

In Dean this Court reviewed whether the appellant's two Maryland robbery convictions could be admitted to prove the predicate offenses under an indictment in Virginia for "robbery, a third or subsequent offense, in violation of Code §§ 18.2-58 [robbery] and 19.2-297.1 [providing enhanced punishment for 'any person convicted of two or more separate acts of violence']." 61 Va. App. at 211, 734 S.E.2d at 674. An act of violence is defined as a violation of any one of nine enumerated statutes, one of which is robbery. Code § 19.2-297.1(A). Under Code § 19.2-297.1, prior convictions include "convictions under the laws of any state or of the United States for any offense substantially similar to those listed under 'act of violence.'" Because "act of violence" is defined as a violation of particular statutes, we were required to compare the Maryland statute with the comparable code section. We concluded that although the wording of the statutes prohibiting robbery is similar, a "distinct difference exists in the development of the common law in these two states." Dean, 61 Va. App. at 218, 734 S.E.2d at 678. We thus concluded that the two statutes were not substantially similar because the elements of robbery no longer coincide between the two states.

Based on Dean, Mason argues that People v. Samuels, 780 N.E.2d 513 (N.Y. 2002), from New York's highest court, renders NY PL § 220.39(1) dissimilar to Code § 18.2-248 because it

- 11 -

establishes that possession of a controlled substance is not required for conviction of sale of a controlled substance under NY PL § 200.39(1). In contrast, Mason argues, <u>Jordan v. Commonwealth</u>, 273 Va. 639, 643 S.E.2d 166 (2007), establishes that possession is a required element for conviction of possession with intent to distribute under Code § 18.2-248. Mason contends that these two cases show that a person can be convicted under NY PL § 220.39(1) for conduct that would not be sufficient for conviction under Code § 18.2-248. We disagree.

Assuming for sake of argument that Mason's interpretation of <u>Samuels</u> is correct, his conclusion is incorrect. Mason's argument conflates sale of a controlled substance with possession with intent to distribute.[9] In <u>Jordan</u>, the Supreme Court held that possession, either actual or constructive, was a required element of possession with intent to distribute. <u>Id.</u> at 645-46, 643 S.E.2d at 170. The Court, however, said nothing regarding the elements of *sale* of controlled substance. Code § 18.2-248 makes it unlawful both to "sell" a controlled substance and to "possess with intent to . . . distribute" a controlled substance. These offenses are not the same. <u>See</u> <u>Simon v. Forer</u>, 265 Va. 483, 490, 578 S.E.2d 792, 796 (2003) ("When the General Assembly uses two different terms in the same act, it is presumed to mean two different things." (quoting <u>Forst v. Rockingham Poultry Mktg. Coop., Inc.</u>, 222 Va. 270, 278, 279 S.E.2d 400, 404 (1981))). Mason did not provide, nor could we find, any Virginia case law requiring proof of possession of the drug in order to convict someone for the act of *selling* a controlled substance in

---

[9] We note that Mason assigned error to the convictions "where the convictions were not substantially similar to the *instant charge*." Appellant's Br. at 3 (emphasis added). This misreads Code § 18.2-248(C), which allows admission of a conviction for any violation of "this section [Code § 18.2-248(A)] with respect to a controlled substance classified in Schedule I or II." The prior convictions are not limited to convictions for the currently charged prohibited act, here possession with intent to distribute. Instead, the prior conviction is admissible if it is substantially similar to *any* prohibited act set out in Code § 18.2-248(A), i.e. to manufacture, sell, distribute *or* possess with intent to distribute.

violation of Code § 18.2-248. His argument therefore fails to show the statutes are not substantially similar.[10]

Further, in Dean, we looked to the elements of the offense because Code § 19.2-297.1 defines prior convictions by reference to several particular statutes. Likewise, in Ayers v. Commonwealth, 17 Va. App. 401, 402, 437 S.E.2d 580, 581 (1993), "we look[ed] to the elements of the two statutes rather than to the offender's conduct" because the code section at issue, Code § 46.2-351(3) (repealed 1999), defined predicate offenses as including those from other jurisdictions that "substantially conform[ed] to the aforesaid state statutory provisions." In contrast, Code § 18.2-248(C) defines relevant prior convictions as "substantially similar offenses" to "such offenses"— those where "a person is convicted . . . under this subsection." Therefore, here we need look no further than Code § 18.2-248(C) and ask if appellant's conduct would have been the basis for a conviction "under this subsection." This includes looking to the facts of the conviction to determine the classification of the substance involved.

In this case, to show that his conviction was dissimilar to Code § 18.2-248(C), Mason had to show that his NY PL § 220.39(1) conviction was "for conduct which might not result in a conviction under [Code § 18.2-248(C)]." Cox, 13 Va. App. at 331, 411 S.E.2d at 446. This he has not done.[11]

---

[10] Mason also argues, for the first time on brief, that Jordan establishes that, in Virginia, no presumption of possession arises from the presence of a controlled substance in a vehicle. Mason argues this is contrary to New York law, where "[t]he presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found." NY PL § 220.25. To the extent that Mason adequately preserved this argument, we reject it. This New York statute applies to *knowing possession*, but Mason has not shown, and indeed argues to the contrary, that possession is a required element for sale of a controlled substance in New York.

[11] Mason also argues that New York's schedules of controlled substances contain substances that are not in Virginia's schedules. Assuming without deciding that Mason is

Therefore, we hold that Mason's conviction under NY PL § 220.39(1) was admissible for purposes of proving a prior conviction under Code § 18.2-248(C).

III.  CONCLUSION

For the reasons stated above, we hold that Mason's conviction under NY PL § 220.39(1) was substantially similar to Code § 18.2-248 for purposes of establishing one prior conviction. Proof of that conviction was therefore properly admissible, and the trial court did not err in allowing its introduction during the guilt phase of Mason's trial.  Mason's convictions under NY PL § 220.31, however, were not substantially similar to Code § 18.2-248 for purposes of establishing prior convictions because the Commonwealth failed to show that the convictions related to a substance classified in Schedule I or II in Virginia.  Thus, those convictions were not relevant for the purpose for which they were offered and were therefore inadmissible. Accordingly, we reverse Mason's conviction and remand for a new trial, if the Commonwealth be so inclined.[12]

Reversed and remanded.

---

correct, the presence of such substances on New York's schedules is irrelevant in light of our analysis.  The substance at issue in the prior conviction has to be classified as a Schedule I or II in Virginia to be substantially similar for purposes of Code § 18.2-248(C).

[12] Mason does not challenge the sufficiency of the evidence to support the third offense conviction.  Thus, we are not called upon to address whether the evidence was sufficient to support the subsequent offense conviction, and, if not, whether the conviction for that offense must be dismissed.  See Rushing v. Commonwealth, 284 Va. 270, 278, 726 S.E.2d 333, 339 (2012) (holding "an appellate court may *not* consider evidence illegally admitted at trial" when reviewing the sufficiency of the evidence (quoting Crawford, 281 Va. at 111-12, 704 S.E.2d at 123-24)).  However, we note Code § 19.2-324.1, enacted after Rushing, requires an appellate court to remand the case for retrial if it concludes that, absent the erroneously admitted evidence, the evidence as a whole was insufficient and that the error was not harmless.