COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia

UNPUBLISHED

HARRY M. WILLIAMS, JR.

v.      Record No. 0808-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARLA GRAFF DECKER
MAY 29, 2018

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Daniel W. Hall (Law Office of Daniel W. Hall, on brief), for
appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Harry M. Williams, Jr. appeals his conviction and sentence pursuant to Code § 18.2-308.2

for possession or transportation of a firearm after previously being convicted of a violent felony. He

argues that the federal order reflecting his prior conviction for possession of a firearm by a

convicted felon should not have been admitted to prove a prior violent felony conviction because

the federal offense was not substantially similar to a Virginia violent felony. After a review of the

record and relevant law, we agree that the Commonwealth did not meet its burden of establishing

that the federal conviction constituted a violent felony triggering the enhanced mandatory penalty in

Code § 18.2-308.2. Consequently, we reverse and remand the case for resentencing.

I. BACKGROUND

The appellant was charged, in pertinent part, under Code § 18.2-308.2 for possession or

transportation of a firearm after a previous conviction for a violent felony. During the trial, the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth moved to admit a federal district court order documenting the appellant's prior conviction for felony possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). The appellant objected, arguing that the order could not be admitted to prove that he had been previously convicted of a violent felony. The trial court admitted the federal order into evidence over the appellant's objection.

The court convicted the appellant of possession or transportation of a firearm by a violent felon, in violation of Code § 18.2-308.2.[1] It imposed the mandatory five-year sentence based on the prior violent felony.

## II. ANALYSIS

The appellant challenges his conviction and sentence for possession or transportation of a firearm by a person previously convicted of a violent felony. He argues that the trial court erred by admitting into evidence the federal conviction order for possession of a firearm by a convicted felon because the Commonwealth failed to establish that the offense under the federal code was substantially similar to a Virginia offense constituting a violent felony as required by Code § 18.2-308.2. The Commonwealth responds that the assignment of error is barred under Rule 5A:18 because the appellant did not make the specific arguments below that he now makes on appeal. The Commonwealth does not defend the enhanced sentence on the merits.

### A. Rule 5A:18

The Commonwealth's sole argument is that the appellant did not preserve his assignment of error under Rule 5A:18 because at trial he did not specifically cite the federal statute that defines "firearm" for purposes of his federal conviction or provide an example of a device that would constitute an offense under the federal statute but not Code § 18.2-308.2.

---

[1] The appellant was also convicted of unlawful wounding, in violation of Code § 18.2-51. The trial court sentenced him to five years in prison, with four years suspended, on that offense. The court dismissed the charge of use of a firearm in commission of malicious wounding.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." In determining whether a litigant has satisfied the requirements of the rule, Virginia's appellate courts have "consistently focused on whether the trial court had the opportunity to rule intelligently on the issue." Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (applying Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18); see e.g., Smith v. Commonwealth, 66 Va. App. 382, 391 n.2, 785 S.E.2d 500, 504 n.2 (2016). "In addition, 'a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.'" Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

This Court has made clear that in refuting a Rule 5A:18 challenge, a litigant may "rel[y] on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." Asfaw v. Commonwealth, 56 Va. App. 158, 165 n.4, 692 S.E.2d 261, 265 n.4 (2010) (quoting Lash v. Cty. of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (en banc)); see also Hilliard v. Commonwealth, 43 Va. App. 659, 677, 601 S.E.2d 652, 661 (2004) (en banc) (plurality opinion) (citing this principle), aff'd, 270 Va. 42, 53, 613 S.E.2d 579, 586 (2005); id. at 681-82, 601 S.E.2d at 663 (Clements, J., joined by Bumgardner, Felton & Kelsey, JJ., concurring in part and dissenting in part) (concurring with the plurality's Rule 5A:18 ruling). Similarly, Rule 5A:18 does not prevent this Court "from relying on statutory or judicial authority that was not presented to the trial court." Lash, 14 Va. App. at 929, 421 S.E.2d at 853.

The appellant objected to the admission of the federal order on the basis that the federal statute encompasses devices that Code § 18.2-308.2 does not. He argued:

[T]he Commonwealth bears the burden of proving that this [is a] similar statute, not just simply relying on a phrase of art, firearm possession by a felon.

If there's a Virginia firearm possession by a felon, that's just the title, totally just the title, Judge[,] exclusively. It doesn't show that this is similar. *This particular statute covers a wide range of devices that Virginia does not cover* and [the appellant] being a felon and if he's convicted of possession of a firearm by a felon in Federal Court for a bow and arrow, let's say, for a device that mimics a firearm, we're not sure if that is similar to what we have here today, Judge.

So we would just ask the Court to not allow that prior [conviction] in at this time unless the Commonwealth meets its burden.

(Emphasis added). In response to the argument, the prosecutor urged the trial court to rely on the title of the federal statute. She also suggested that both the state and federal legislatures intended the statutes at issue to proscribe possession of "dangerous and violent" weapons by felons. The trial court took a brief recess to read Code § 18.2-308.2 and "the federal statute" before overruling the objection and admitting the federal order into evidence.

The Commonwealth had the opportunity to respond to the argument and indeed did so. The trial court likewise had the opportunity to rule intelligently on the issue. Based on this record, the appellant timely and adequately raised the issue of whether the two statutes were "substantially similar" and met the requirements of Rule 5A:18.

### B. The Federal Conviction

The appellant argues that the trial court erred by admitting into evidence the federal conviction order for possession of a firearm by a convicted felon because the Commonwealth failed to establish that the federal offense was substantially similar to a Virginia "violent felony" as required by Code § 18.2-308.2.

Whether to admit evidence is a decision within the sound discretion of the trial court. See Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012). An appellate court

will reverse a determination to admit or exclude evidence only if the trial court abused its discretion under the particular circumstances of the case. See id. "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Du v. Commonwealth, 292 Va. 555, 564, 790 S.E.2d 493, 499 (2016) (quoting Sauder v. Ferguson, 289 Va. 449, 459, 771 S.E.2d 664, 670 (2015)). "[B]y definition," however, a trial court "abuses its discretion when it makes an error of law." Dean, 61 Va. App. at 213, 734 S.E.2d at 675 (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)). "Therefore, to the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Id.

The assignment of error in this case challenges the trial court's statutory interpretation. "The proper course [in this case as in all cases of statutory construction] is to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature." Mason v. Commonwealth, 64 Va. App. 599, 606, 770 S.E.2d 224, 227 (2015) (alteration in original) (quoting Johnson v. Commonwealth, 53 Va. App. 608, 611, 674 S.E.2d 541, 542 (2009)). "The intent of the legislature 'is usually self-evident from the statutory language.'" Id. (quoting Johnson, 53 Va. App. at 613, 674 S.E.2d at 543).

The appellant was convicted and sentenced under Code § 18.2-308.2 for possession or transportation of a firearm after being previously convicted of a violent felony. Code § 18.2-308.2, in pertinent part, prohibits any person with a previous felony conviction from knowingly and intentionally possessing or transporting a firearm. Code § 18.2-308.2(A). The statute provides that the offense is a Class 6 felony. Id.; see also Code § 18.2-10(f) (providing that the punishment for a Class 6 felony is imprisonment for a term ranging from one to five years or "confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both"). However, the statute

mandates a term of five years for a "person who violates this section . . . and who was previously convicted of a violent felony as defined in § 17.1-805." Code § 18.2-308.2(A). This mandatory five-year term is "distinct punishment" rather than a gradation of the offense. Atkins v. Commonwealth, 57 Va. App. 2, 27-29, 698 S.E.2d 249, 261-62 (2010).[2]

Code § 17.1-805 provides a list of Virginia crimes that constitute violent felony offenses. Code § 17.1-805(C). The statute also defines a violent felony offense as "any substantially similar offense under the laws of any state, the District of Columbia, the United States or its territories." Id. The list of violent felonies in Code § 17.1-805 includes any violation of Code § 18.2-308.2, the Virginia statute that the prosecutor suggested to the trial court was substantially similar to the appellant's federal conviction of possession of a firearm by a convicted felon. See Code § 17.1-805(C).

The proponent of evidence bears the burden of showing its admissibility. See Neal v. Commonwealth, 15 Va. App. 416, 421, 425 S.E.2d 521, 524 (1992). Further, in the context of a criminal prosecution under Code § 18.2-308.2, "'the Commonwealth bears the burden of proving that an out-of-state [or a federal] conviction was obtained under [a] law[] substantially similar to those' enumerated in Code § 17.1-805(C)." Turner v. Commonwealth, 38 Va. App. 851, 860, 568 S.E.2d 468, 472 (2002) (second and third alterations in original) (quoting Shinault v. Commonwealth, 228 Va. 269, 271, 321 S.E.2d 652, 654 (1984)). However, "[i]f the Commonwealth shows substantial similarity, the burden shifts to the defendant to produce 'evidence of dissimilarity." Mason, 64 Va. App. at 608, 770 S.E.2d at 228 (quoting Dean, 61 Va. App. at 214, 734 S.E.2d at 676).

---

[2] "The Code of Virginia allows for enhanced or mandatory minimum punishments for some offenses upon the defendant's subsequent conviction(s) of the same or other designated offenses." Mason, 64 Va. App. at 605-06, 770 S.E.2d at 227.

The question presented in this case is whether the Commonwealth met its threshold burden of establishing that under Code § 17.1-805(C), the federal offense for which the appellant was convicted was "substantially similar" to the offense proscribed by Code § 18.2-308.2.  Two offenses "are 'substantially similar' if they have common core characteristics or are largely alike in substance or essentials."  Id. (quoting Johnson, 53 Va. App. at 613, 674 S.E.2d at 543).  In determining whether the offense from another jurisdiction is substantially similar to one of the listed offenses in Code § 17.1-805(C), "we look to the elements of the two [offenses] rather than to the offender's conduct."  Dillsworth v. Commonwealth, 62 Va. App. 93, 97, 741 S.E.2d 818, 820 (2013) (alteration in original) (quoting Dean, 61 Va. App. at 215, 734 S.E.2d at 676).

This Court has previously interpreted the phrase "substantially similar" in the context of Code §§ 17.1-805(C) and 18.2-308.2.  Id. at 96, 741 S.E.2d at 820; Turner, 38 Va. App. at 858-59, 568 S.E.2d at 471-72.[3]  We held that if "the provision under which [the] appellant was convicted . . . criminalized the same behavior" as the Virginia statute in question, then the two laws are substantially similar.  See Dillsworth, 62 Va. App. at 99, 741 S.E.2d at 821.  In contrast, a crime in another jurisdiction "is not 'substantially similar' to the most closely corresponding crime under Virginia law if the other [jurisdiction's] law 'permits convictions for acts which could not be the

---

[3] "When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly."  Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001).  This Court decided Turner in 2002 and Dillsworth in 2013.  The General Assembly has amended Code § 17.1-805 since 2002, yet it has not modified the language relating to a "substantially similar" offense.  See 2015 Va. Acts chs. 690, 691; 2013 Va. Acts chs. 424, 647; 2011 Va. Acts ch. 282; 2005 Va. Acts ch. 631; 2004 Va. Acts chs. 459, 866.  Likewise, the legislature amended Code § 18.2-308.2 and did not change the definition of a previous violent felony conviction that serves to require a mandatory sentence of five years.  See 2017 Va. Acts ch. 767; 2016 Va. Acts ch. 337; 2015 Va. Acts chs. 200, 767; 2010 Va. Acts ch. 781; 2009 Va. Acts ch. 236; 2008 Va. Acts ch. 752; 2006 Va. Acts ch. 519; 2005 Va. Acts chs. 600, 833; 2004 Va. Acts chs. 429, 461, 995; 2003 Va. Acts ch. 110.

basis for convictions under [the Virginia statute at issue].'" Id. at 98, 741 S.E.2d at 821 (quoting

Dean, 61 Va. App. at 215, 734 S.E.2d at 676); see also Mason, 64 Va. App. at 609, 770 S.E.2d at

228 ("[S]tatutes are not substantially similar 'if a person may be convicted of an offense under

another jurisdiction's statute for conduct which might not result in a conviction under [the Virginia

code section at issue].'" (quoting Cox v. Commonwealth, 13 Va. App. 328, 330, 411 S.E.2d 444,

446 (1991))); Turner, 38 Va. App. at 860, 568 S.E.2d at 472 (noting that "[i]f a person may be

convicted of an offense under another jurisdiction's statute for conduct which might not result in a

conviction under [the Virginia Code], the statutes are not 'substantially conforming'" (second

alteration in original) (quoting Cox, 13 Va. App. at 330-31, 411 S.E.2d at 446)).

The Commonwealth submitted the federal conviction order for possession of a firearm by a

convicted felon under 18 U.S.C. § 922(g)(1) as evidence that the appellant had previously been

convicted of a violent felony thus requiring the mandatory five-year penalty provided in Code

§ 18.2-308.2.  18 U.S.C. § 922(g) provides, in pertinent part, that it is a federal offense "for any

person . . . (1) who has been convicted in any court of[] a crime punishable by imprisonment for a

term exceeding one year" to possess "any firearm" "in or affecting commerce."[4]  The U.S. Code

defines "firearm," for purposes of the chapter, as:

> (A) any weapon (including a starter gun) which will or is designed
> to or may readily be converted to expel a projectile by the action of
> an explosive; (B) the frame or receiver of any such weapon;
> (C) any firearm muffler or firearm silencer; or (D) any destructive
> device.  Such term does not include an antique firearm.

---

[4] This provision, in effect in March 2005, when the underlying offense occurred, remains in effect.

18 U.S.C. § 921(a)(3).[5]  Under the plain meaning of the statutory language, silencers and mufflers are considered firearms.  18 U.S.C § 921(a) (defining firearm "silencer" and "muffler" as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication"); see also United States v. Rogers, 270 F.3d 1076, 1081 (7th Cir. 2001) (noting that, in determining whether the item at issue was a firearm under 18 U.S.C. § 921(a), the question for the jury was whether it was intended to work as a silencer).

The Supreme Court of Virginia has defined firearm, as used in Code § 18.2-308.2, as an "instrument designed, made, and intended to fire or expel a projectile by means of an explosion." Armstrong v. Commonwealth, 263 Va. 573, 583, 562 S.E.2d 139, 145 (2002).  A weapon does not need to be operable in order to qualify as a firearm under Code § 18.2-308.2.  Id. at 583-84, 462 S.E.2d at 145.

Although the two statutes share similarities, the Commonwealth did not carry its burden of proving that the federal conviction was obtained under a law "'substantially similar to those' enumerated in Code § 17.1-805(C)."  See Turner, 38 Va. App. at 860, 568 S.E.2d at 472 (quoting Shinault, 228 Va. at 271, 321 S.E.2d at 654).  The Commonwealth did not attempt to counter the appellant's argument that 18 U.S.C. § 922(g) prohibits conduct that would not constitute an offense under Code § 18.2-308.2.  Instead the prosecutor relied on the similarities in titles and a general

---

[5] This definition has remained the same since 2005.  A "'frame or receiver' is the 'part of a firearm which provides housing for the hammer, bolt or breechblock and firing mechanism, and which is usually threaded at its forward portion to receive the barrel.'"  United States v. Guillen-Cruz, 853 F.3d 768, 772 (5th Cir. 2017) (quoting 27 C.F.R. § 479.11).  The federal statute also defines the term "any destructive device."  See 18 U.S.C § 921(a)(4).

assertion of legislative intents.[6]  A comparison of the definitions of "firearm" applicable to the two statutes demonstrates that the federal offense encompasses conduct that would not constitute a violation of Code § 18.2-308.2.  For example, a muffler or silencer is defined as a firearm under the federal statute but not for purposes of Code § 18.2-308.2.[7]  This analysis compels the conclusion that the offenses were not substantially similar for purposes of Code § 17.1-805.  See Turner, 38 Va. App. at 860, 568 S.E.2d at 472.  Consequently, it was error as a matter of law for the trial court to admit the federal order for the purpose of proving that the federal conviction was for a violent felony offense.[8]

## III.  CONCLUSION

We hold that the trial court erred by ruling that the federal conviction under 18 U.S.C. § 922(g) was substantially similar to a violent felony offense in Virginia as defined by Code

---

[6] Headings of federal statutes may be used for statutory interpretation purposes if the text of the statute is ambiguous.  See, e.g., United States v. Hatcher, 560 F.3d 222, 226 (4th Cir. 2009).  The extent to which the heading of the 18 U.S.C. § 922 can be used for interpreting the federal statute is unhelpful for purposes of comparison with Code § 18.2-308.2, however, because headings of sections in the Virginia code should not be used for statutory interpretation. See generally Code § 1-217 (explaining that the heading of a code section is not part of the law); Foster v. Commonwealth, 44 Va. App. 574, 580, 606 S.E.2d 518, 521 (2004) (noting that the title of a statute does not give it meaning).

[7] At the time of the federal offense, Virginia prohibited possession of an unregistered silencer or muffler, but that statute was repealed in 2009.  See Code § 18.2-308.6, repealed by 2009 Va. Acts ch. 288.  Although classified as a Class 6 felony, an offense under Code § 18.2-308.6 as that statute existed in 2005 was not considered a violent felony under Code § 17.1-805.  See 2004 Va. Acts ch. 866.

[8] Despite this ruling, the evidence was nonetheless sufficient to prove that the appellant was previously convicted of a felony.  See generally Code § 19.2-324.1 (providing that when an appellant contends "that the evidence was insufficient because the trial court improperly admitted evidence, the reviewing court shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction").  The appellant testified that he had previously been convicted of eight felonies.  See generally Frango v. Commonwealth, 66 Va. App. 34, 45, 782 S.E.2d 175, 180 (2016) (citing the defendant's testimony as evidence supporting the conviction); Butler v. Commonwealth, 64 Va. App. 7, 12, 763 S.E.2d 829, 831 (2014) (explaining that the only elements required for a conviction under Code § 18.2-308.2 "are (1) possession of a weapon and (2) a prior conviction of a felony").

§ 17.1-805. This error relating to proof for purposes of the enhanced sentence requires a new sentencing hearing.[9] Turner, 38 Va. App. at 861-62, 568 S.E.2d at 473 (holding that the prior out-of-state offense was not a violent felony for purposes of Code § 18.2-308.2, affirming the conviction, and reversing and remanding for resentencing); see also Preston v. Commonwealth, 281 Va. 52, 59, 704 S.E.2d 127, 130-31 (2011) (directing remand for resentencing after holding under Code § 18.2-308.2 that Preston's out-of-state juvenile adjudication would constitute a non-violent felony if committed by an adult); Atkins, 57 Va. App. at 27-29, 698 S.E.2d at 261-62 (holding that Code § 18.2-308.2 contains "several distinct punishments" for the same offense rather than gradations for the offense). Based on this conclusion, we reverse and remand for resentencing.

Reversed and remanded.

---

[9] The Commonwealth does not argue that any error as to the appellant's enhanced sentence is harmless. We agree that based on the record the error is not harmless as it pertains to sentencing. See generally Code § 8.01-678 (requiring harmless error review); Boone v. Commonwealth, 285 Va. 597, 601, 740 S.E.2d 11, 13 (2013) (holding that the Commonwealth must prove beyond a reasonable doubt that the defendant was previously convicted of a violent felony in order to obtain the five-year mandatory sentence in Code § 18.2-308.2(A)).