COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and Beales
Argued at Richmond, Virginia

FREDDIE BECKHAM, III

v.      Record No. 1146-16-2

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE GLEN A. HUFF
MAY 30, 2017

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Sarah L. Deneke, Judge

Alan Polsky, Assistant Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Freddie Beckham, III ("appellant") was convicted in the Circuit Court of Spotsylvania

County ("trial court") of driving under the influence ("DUI") and refusal to submit to a

breathalyzer, in violation of Code §§ 18.2-266 and 18.2-268.3 respectively. The trial court

entered the DUI conviction after accepting a conditional plea agreement, and it entered the

refusal conviction following a bench trial. Because the trial court admitted evidence of two

Florida DUI convictions within the previous ten years, both Virginia charges were enhanced: the

DUI became a Class 6 felony by operation of Code § 18.2-270(C)(1), and the refusal became a

Class 1 misdemeanor by operation of Code § 18.2-268.3(D). Ultimately, the trial court

sentenced appellant to a total active term of twelve months' imprisonment and $1250 in fines.

Pursuant to the terms of the conditional plea agreement, appellant appeals only the legal question

of whether the Florida DUI statutes are substantially similar to Virginia Code § 18.2-266 such

that the trial court properly admitted appellant's Florida DUI convictions to enhance the charges

against appellant. Finding that the Florida and Virginia DUI statutes are substantially similar, this Court affirms the trial court's rulings.

## I. BACKGROUND

On July 19, 2015, a Virginia State Police trooper stopped appellant after observing him make a left turn through a red stop light. The trooper detected an odor of alcohol on appellant, who admitted that he had consumed "a few beers." Following appellant's poor performance of field sobriety tests and a preliminary breath test, the trooper arrested appellant for DUI. Appellant then refused a breathalyzer test after the trooper advised him of Virginia's implied consent statute and the criminal penalties for refusal.

During the bench trial on the refusal charge, the Commonwealth introduced two prior DUI convictions under Fla. Stat. § 316.193: one from March 9, 2006 and the other from October 13, 2013. Neither conviction order specifies the subsection of Fla. Stat. § 316.193 under which appellant was convicted. Appellant moved to strike the Florida convictions and set aside the refusal conviction, which the trial court denied. The trial court then accepted the conditional plea agreement concerning the DUI charge, and this appeal followed.

## II. STANDARD OF REVIEW

"Generally, '[w]e review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb [that] decision . . . absent a finding of abuse of that discretion.'" Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012) (quoting Herndon v. Commonwealth, 280 Va. 138, 143, 694 S.E.2d 618, 620 (2010)). A circuit court "by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Id. (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)). Insofar as admissibility of evidence "rests upon the interpretation of a

statute, that interpretation is a question of law subject to *de novo* review." Mason v.

Commonwealth, 64 Va. App. 599, 605, 770 S.E.2d 224, 227 (2015) (quoting Dean, 61 Va. App.

at 213, 734 S.E.2d at 675). Accordingly, "the determination regarding whether appellant's

[Florida] conviction[s] [are] 'substantially similar' to the offense proscribed by Code

§ [18.2-266] is a question of law" that this Court reviews *de novo*. Dillsworth v.

Commonwealth, 62 Va. App. 93, 96, 741 S.E.2d 818, 820 (2013).

### III. ANALYSIS

In his sole assignment of error, appellant contends that his Florida DUI convictions "were

obtained under statutes not substantially similar" to Code § 18.2-266 and the trial court therefore

erred in admitting them.

### A. Virginia's DUI and refusal recidivist scheme

Under Virginia's DUI statutory scheme, the penalty for both DUI and refusing to submit

to a chemical test to determine blood-alcohol content is enhanced if the offender has been

convicted of certain prior offenses. Specifically, Code § 18.2-270, which sets forth the penalty

for DUI violations, provides in subsection (C)(1) that "[a]ny person convicted of three offenses

of § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be

guilty of a Class 6 felony." Subsection (E) of that statute clarifies what may constitute a prior

offense for sentence-enhancement purposes:

> For the purpose of determining the number of offenses committed
> by, and the punishment appropriate for, a person under this section,
> an adult conviction of any person . . . under the following shall be
> considered a conviction of § 18.2-266: . . . (ii) . . . the laws of *any
> other state* or of the United States *substantially similar to the
> provisions of . . . § 18.2-266 . . . .*

Code § 18.2-270(E) (emphasis added). Code § 18.2-268.3 provides that unreasonably refusing

chemical blood-alcohol content tests is unlawful and sets forth the penalty for such violations.

Subsection (D) of that statute contains its recidivist provisions and states in part:

- 3 -

> If a person is found guilty of a violation of this section and within 10 years prior to the date of the refusal he was found guilty of any two of the following: a violation of this section, a violation of § 18.2-266, or *a violation of any offense listed in subsection E of § 18.2-270 arising out of separate occurrences or incidents*, he is guilty of a Class 1 misdemeanor . . . .

Code § 18.2-268.3(D) (emphasis added). Thus, the DUI penalty statute and the refusal statute both use the Code § 18.2-270(E) language to determine whether a foreign conviction qualifies as a prior conviction of Code § 18.2-266.

Although the General Assembly did not define "substantially similar," "in the context of determining if another state's statute is substantially similar to a code section, this Court has previously 'establish[ed] that two things are "substantially similar" if they have common core characteristics or are largely alike in substance or essentials.'" Mason, 64 Va. App. at 608, 770 S.E.2d at 228 (quoting Johnson v. Commonwealth, 53 Va. App. 608, 613, 674 S.E.2d 541, 543 (2009)). In this analysis, "the Commonwealth bears the burden of proving the out of state conviction was obtained under laws substantially similar to those of the Commonwealth. If the Commonwealth shows substantial similarity, the burden shifts to the defendant to produce 'evidence of dissimilarity.'" Id. (quoting Dean v. Commonwealth, 61 Va. App. 209, 214, 734 S.E.2d 673, 676 (2012)). Dissimilarity exists, for instance, "if a person may be convicted of an offense under another jurisdiction's statute for conduct which might not result in a conviction under [Virginia's statute]." Cox v. Commonwealth, 13 Va. App. 328, 330-31, 411 S.E.2d 444, 446 (1991). Sound policy considerations justify this principle, for "[i]f a conviction in another state is based on conduct which is not a violation of [Virginia law], then to consider it under [a recidivist statute] would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized." Id. at 331, 411 S.E.2d at 446. Thus, "another state's law permitting a conviction for an act not constituting an

- 4 -

offense under Code § 18.2-266 is not substantially" similar under Code § 18.2-270 and cannot be introduced as a prior Code § 18.2-266 conviction for penalty enhancement. Id.

## B. Virginia and Florida DUI laws

Because the record does not indicate the specific subsection or subsections of Fla. Stat. § 316.193 appellant violated, this Court must examine Florida's entire statutory prohibition to determine whether it allows convictions not permitted under Code § 18.2-266. See id.

Both the Virginia and Florida DUI statutory schemes contain a core statute defining the prohibited conduct as well as additional provisions setting forth presumptions and penalties. Code § 18.2-266, Virginia's definitional DUI statute, provides in part:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, or (v) while such person has a blood concentration of any of the following substances at a level that is equal to or greater than: (a) 0.02 milligrams of cocaine per liter of blood, (b) 0.1 milligrams of methamphetamine per liter of blood, (c) 0.01 milligrams of phencyclidine per liter of blood, or (d) 0.1 milligrams of 3,4-methylenedioxymethamphetamine per liter of blood. A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v).

Florida's definitional DUI statutory language appears as one subsection of a larger statute addressing penalties and other related matters:

> A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:

> (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;
> (b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
> (c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

Fla. Stat. § 316.193(1).

Both the Virginia and Florida statutes define a single offense that the government can establish through proof of at least one of the subsections. See Code § 18.2-266 ("A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v)."); Cardenas v. State, 867 So. 2d 384, 391 (Fla. 2004) (observing that the Florida legislature revised the DUI statute such that impairment and driving with an unlawful blood- or breath-alcohol content are now "alternative methods of proving the same offense, rather than separate offenses"). The subsections for both statutes can be divided into two categories: those requiring proof of impairment and those requiring proof of a certain blood-alcohol concentration.[1]

1. Impairment provisions

Subsections (ii), (iii), and (iv) of Code § 18.2-266 and subsection (a) of Fla. Stat. § 316.193(1) set forth impairment DUI offenses. For the reasons that follow, the impairment provisions of the Virginia and Florida DUI statutes are substantially similar under Code § 18.2-270(E).

Both impairment statutory schemes are functionally identical. Neither requires proof of a specific blood-alcohol level; instead, proof that the accused is simply "under the influence"

---

[1] As used in this opinion, phrases such as "blood-alcohol concentration" or "blood-alcohol level" refer to measurements of both blood-alcohol content and breath-alcohol content as both types of measurements are acceptable under either state's DUI statute.

under Virginia subsection (ii), is under the influence "to a degree which impairs his ability to drive or operate" a vehicle under Virginia subsections (iii) and (iv), or is under the influence and "affected to the extent that the person's normal faculties are impaired" under Florida subsection (a) is sufficient to convict. These provisions allow the prosecution to prove its case without resort to chemical testing by "prov[ing] impairment beyond a reasonable doubt," State v. Rolle, 560 So. 2d 1154, 1155 (Fla. 1990), based on "all of the evidence of [the accused's] condition at the time of the alleged offense," Leake v. Commonwealth, 27 Va. App. 101, 109, 497 S.E.2d 522, 526 (1998) (quoting Brooks v. City of Newport News, 224 Va. 311, 315, 295 S.E.2d 801, 804 (1982)).

Because individuals vary in how they outwardly manifest intoxication, "the difficulty of establishing proof beyond a reasonable doubt that a person was under the influence of alcohol, and conversely, the difficulty of defending against an unwarranted charge, are readily apparent." Davis v. Commonwealth, 8 Va. App. 291, 296, 381 S.E.2d 11, 13 (1989). Given these difficulties, the Virginia and Florida legislatures enacted statutes creating certain presumptions of impairment based on chemical test results indicating an accused's blood-alcohol level. Virginia's presumption statute provides in part:

> In any prosecution for a violation of . . . *clause (ii), (iii) or (iv) of § 18.2-266*, or any similar ordinance, the amount of alcohol or drugs in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcohol or drug content of his blood in accordance with the provisions of §§ 18.2-268.1 through 18.2-268.12 shall give rise to the following *rebuttable presumptions*:
>
> . . . .
>
> If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, *it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense* . . . .

- 7 -

Code § 18.2-269(A)(3) (emphasis added). The Florida counterpart to the Virginia statute states in part:

> At the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving, or in actual physical control of, a vehicle *while under the influence of alcoholic beverages or controlled substances, when affected to the extent that the person's normal faculties were impaired* or to the extent that he or she was deprived of full possession of his or her normal faculties, the results of any test administered in accordance with s. 316.1932 or s 316.1933 and this section are admissible into evidence when otherwise admissible, and *the amount of alcohol in the person's blood or breath at the time alleged, as shown by chemical analysis of the person's blood, or by chemical or physical test of the person's breath, gives rise to the following presumptions*:
>
> . . . .
>
> (c) If there was at that time a blood-alcohol level or breath-alcohol level of 0.08 or higher, that *fact is prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired.* . . .
>
> The presumptions provided in this subsection do not limit the introduction of any other competent evidence bearing upon the question of whether the person was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired.

Fla. Stat. § 316.1934(2) (emphasis added). Importantly, these presumptions only apply to the impairment provisions of either state's respective DUI statute. The Virginia presumption statute expressly limits its application to subsections (ii), (iii), and (iv) of Code § 18.2-266. Likewise, the Florida presumption statute contains language indicating that it applies only in proceedings against a person alleged to be driving or controlling a vehicle "while under the influence . . . when affected to the extent that the person's normal faculties were impaired," the same language contained in the Florida definitional statute's impairment subsection.

- 8 -

Moreover, both the Virginia and Florida presumptions are rebuttable. The Virginia statute says as much on its face. See Code § 18.2-269(A); Davis v. Commonwealth, 57 Va. App. 446, 457 n.7, 703 S.E.2d 259, 264 n.7 (2011) ("In a prosecution for a violation of . . . Code § 18.2-266(ii), (iii), or (iv), Code § 18.2-269 creates a rebuttable presumption that the accused was under the influence when the accused has a blood alcohol concentration of 0.08 or higher. . . . Code § 18.2-269 only creates a method of proving intoxication."). The Florida presumption is likewise rebuttable because test results indicating a prohibited blood-alcohol level constitute only "prima facie evidence" of intoxication, and the statute expressly allows for introduction of "other competent evidence" relevant to the impairment element. Fla. Stat. § 316.1934(2); see Rolle, 560 So. 2d at 1157 ("We also find that section 316.1934(2)(c), Florida Statutes, creates a permissive inference, not an unconstitutional presumption. . . . We see no reason to interpret such language differently in this context, especially as the statute expressly encourages the introduction of evidence besides blood-alcohol level."). Thus, under both states' impairment provisions, an accused would be subject to the same presumption of intoxication if chemical testing indicated a certain blood-alcohol level, and he or she would also be entitled to present other evidence rebutting that presumption.

Accordingly, appellant faced essentially the same standard and presumptions under the Florida DUI impairment provisions as he would have had he been charged for the same conduct under Virginia's DUI impairment provisions. The same conduct in both states equally would have led to a conviction under either state's impairment provisions. See Cox, 13 Va. App. at 331, 411 S.E.2d at 446. This Court therefore holds that the impairment provisions of both states' DUI statutory schemes are substantially similar for purposes of applying Code § 18.2-270(E).

## 2. *Per se* provisions

This Court next examines the Virginia and Florida DUI provisions requiring proof of a specific blood-alcohol level. The inquiry under Code § 18.2-266(i)

> is not whether a driver was in fact "under the influence of alcohol" to a degree that his ability to drive safely was affected; rather, the issue is whether *at the time he was driving* his blood alcohol concentration was at least [.08] percent as measured by a subsequently administered chemical test. It is for this reason that subsection (i) and similar statutes in our sister states have come to be known as "per se" statutes.

Davis, 8 Va. App. at 298, 381 S.E.2d at 15. For the reasons that follow, this Court finds that Virginia's *per se* provisions, Code § 18.2-266(i) and (v), and Florida's *per se* provisions, Fla. Stat. § 316.193(1)(b) and (c), are also substantially similar under Code § 18.2-270(E).

The Virginia statute requires proof of driving or operating and that the accused did so "*while* such person has a blood alcohol concentration of 0.08 percent or more" as indicated by a chemical test or "*while* such person has" a prohibited blood concentration of other enumerated controlled substances. Code § 18.2-266(i), (v) (emphasis added). The Commonwealth thus bears the burden of proving the requisite blood-alcohol concentration *at the time* of driving or operating.

The Florida *per se* provisions require proof of essentially the same elements as the Virginia provisions: the government must prove the accused was "driving" or in "actual physical control of a vehicle" and that "[t]he person has a [breath- or] blood-alcohol level of 0.08 or more." Fla. Stat. § 316.193(1)(b), (c). Although the Virginia statute contains the word "while" to indicate that proof of the accused's unlawful blood-alcohol level must reflect his or her level at the time of driving, the Florida provisions contain no corresponding language. Thus, the key issue in determining whether the Florida *per se* provisions are substantially similar to Virginia's provisions is how Florida law handles the timing of chemical test results.

- 10 -

Although the text of the Florida statute does not contain express language requiring proof that the accused had the unlawful blood-alcohol level *while* he was driving, a plain reading of the statute naturally suggests that this is the case. Further, the Florida Standard Jury Instructions for Criminal Cases—which are promulgated by a committee of the Florida Supreme Court and subject to review by that Court—clarify that the accused must have the prohibited blood-alcohol level *while* he or she is driving or operating the vehicle:

> To prove the crime of Driving under the Influence, the State must prove the following two elements beyond a reasonable doubt:
> 1. (Defendant) drove [or was in actual physical control of] a vehicle.
> 2. *While* driving [or in actual physical control of] the vehicle, (defendant)
>
> *Give 2a or 2b or both as applicable.*
>   a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
>   b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].

Fla. Standard Jury Instructions in Criminal Cases 28.1 (2017) (emphasis added). Thus, as in Virginia, the prosecution bears the burden of proving the requisite blood-alcohol concentration at the time of driving or controlling a vehicle.

Appellant contends that the Florida statute is not substantially similar to Virginia DUI law because the Florida Supreme Court has characterized Florida's *per se* provisions as giving rise to "a strict-liability theory." Robertson v. State, 604 So. 2d 783, 792 n.14 (Fla. 1992). This label, however, is not enough to differentiate the Florida statute. In the case appellant references, the Florida Supreme Court simply provided an overview of the Florida DUI statute's structure:

> Florida law authorizes two alternative theories for DUI offenses: actual impairment, or a blood alcohol level of [0.08] or higher. § 316.193, Fla. Stat. (1987). The second of these is a strict-liability theory, since the fact of operating a motor vehicle with a blood-alcohol level of [0.08] or higher is an offense *even if impairment cannot be proven*. There is some redundancy in the

> statute, however, since impairment is presumed if the blood-alcohol content is [0.08] or higher. § 316.1934(2), Fla. Stat. (1987). In any event, the presumption of impairment created by this last statute is a moot concern if the state proves beyond a reasonable doubt that the defendant operated a motor vehicle *with an unlawful blood-alcohol level*.

Id. (emphasis added). Florida's *per se* provisions, much like Virginia's analogous provisions, simply provide an alternative theory by which the prosecution can prove DUI. See, e.g., Rolle, 560 So. 2d at 1155 ("It is clear that this statute now creates one offense, driving under the influence, which may be proven in either of two ways: (a) by proof of impairment, or (b) by proof of a blood-alcohol level of [0.08] percent or higher.").

Viewed together, the Virginia and Florida *per se* provisions are operationally identical. Both set forth an offense requiring the prosecution to prove the same elements: that the defendant was driving, operating, or controlling a vehicle and at that time had an unlawful blood-alcohol content. As such, appellant's conduct that was sufficient to justify a conviction under Florida's *per se* provisions would certainly have led to a conviction under Virginia's *per se* provisions. See Cox, 13 Va. App. at 331, 411 S.E.2d at 446. Therefore, this Court holds that the *per se* provisions of both states' DUI statutory schemes are also substantially similar for purposes of applying Code § 18.2-270(E).

## IV. CONCLUSION

Appellant's conduct that was sufficient to sustain two Florida DUI convictions would have supported convictions under Virginia's DUI laws, regardless of whether the prosecution used an impairment or *per se* theory. This Court accordingly holds that the Virginia and Florida DUI statutory schemes are substantially similar such that the trial court properly admitted appellant's two Florida DUI convictions pursuant to Code § 18.2-270(E).

Affirmed.