UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Malveaux and Frucci

WALTER LAMONTE MOORE

                                            MEMORANDUM OPINION*

v.       Record No. 1596-24-1                    PER CURIAM
                                            FEBRUARY 17, 2026

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court of the City of Hampton convicted Walter

Lamonte Moore of driving while intoxicated (DWI), third offense, in violation of Code

§ 18.2-266. The trial court sentenced Moore to five years of incarceration with three years and

nine months suspended. Moore argues on appeal that the evidence at trial was insufficient to

support his conviction.[2]

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit." Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[3]

On March 24, 2022, Gerard Labonte, III, worked as a security officer at a restaurant in the City of Hampton. While he was in the parking lot, he saw a silver SUV strike a parked vehicle while attempting to back into a parking space. Labonte testified that Moore was in the driver's seat of the silver SUV and a female was in the front passenger seat. Labonte called the police and remained in the parking lot until the officers arrived. During that time, Labonte did not see Moore drink anything.

Immediately after hitting the parked vehicle, Labonte saw Moore and the female passenger exit the SUV and attempt to switch positions. Labonte heard them speak to each other but could not discern the words. Labonte testified, "When he [Moore] got out, he stumbled and caught his balance. It probably was about five or six steps before he caught his balance." Labonte recalled, "He was using the vehicle as a way to stabilize himself."

When Officer Dominic Dedmon of the Hampton Police Department arrived, Moore was sitting in the front passenger seat with his legs out of the vehicle and the female was standing near him. Officer Dedmon smelled the odor of alcohol on Moore's breath and saw that his eyes were "glassy, watery, and bloodshot." Officer Dedmon testified that he then spoke with Moore and noticed that he was slurring his speech.

Officer Dedmon testified, "I asked him [Moore] if he was driving and he said, I don't have nothing to say, bro." When Officer Dedmon mentioned Moore's slurred speech, Moore asked how Dedmon could tell that his speech was "splurred [sic]" if Dedmon did not know him. Officer

---

[3] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *McGowan v. Commonwealth*, 72 Va. App. 513, 516 (2020) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Dedmon recalled, "And I explained to him that saying splurred instead of slurred is slurring his speech."

Officer Dedmon offered Moore the chance to perform field sobriety tests, but Moore refused. Based on the witness statements, the odor of alcohol, Moore's slurred speech, and glassy, watery eyes, Officer Dedmon arrested Moore for DWI.

At trial, Labonte testified that Moore wore a grey and maroon striped shirt and nothing on his head. During cross-examination of Officer Dedmon, defense counsel adduced a still image of Moore from Dedmon's body camera footage of the scene. The image showed Moore wearing a white shirt and a blue and white cap. Officer Dedmon also clarified that he did not obtain a warrant for Moore's blood because the accident occurred on private property.

After the Commonwealth presented its evidence at trial, Moore's counsel moved to strike the evidence. Moore argued that there was no evidence of any test indicating that he was intoxicated. The trial court denied the motion to strike. After hearing the parties' closing arguments, the trial court convicted Moore of DWI third offense. Then on August 29, 2024, the trial court sentenced Moore to 5 years of incarceration with 3 years and 9 months suspended.

On September 4, 2024, Moore filed a motion to set aside the verdict. After a hearing on September 24, 2024, the trial court denied Moore's motion to set aside the verdict. Moore now appeals to this Court.

ANALYSIS

I. Sufficiency of the Evidence

Moore argues, "The trial court erred in denying Moore's motion to strike the charge of DWI third offense in violation of Va. Code § 18.2-266 and Va. Code § 18.2-270, where the Commonwealth's evidence was insufficient to prove Moore guilty of that offense." Moore

specifically argues that the Commonwealth failed to prove both that he was the person who drove or operated the SUV involved in the collision and that he was under the influence of alcohol.[4]

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

---

[4] In his brief to this Court, Moore suggests that the Commonwealth had to prove that he drove a vehicle under the influence of alcohol "on the roadways of the Commonwealth." Moore did not make this assertion—that a defendant had to be driving "on the roadways of the Commonwealth"—to the trial court and therefore he did not preserve that argument for appeal. *See* Rule 5A:18.

Under Code § 18.2-266(ii), it is "unlawful for any person to drive or operate any motor vehicle" while he is "under the influence of alcohol."[5]  Code § 18.2-266.

## A.  Drive or Operate Any Motor Vehicle

Labonte testified that on March 24, 2022, he saw a silver SUV strike a parked vehicle while backing into a parking space.  He unequivocally identified Moore as the driver.  Immediately after the accident, Labonte saw Moore and the vehicle's female passenger attempt to switch positions, and when the police arrived, Moore was sitting in the front passenger seat.  Viewed in the light most favorable to the Commonwealth—as we must on appeal because the Commonwealth was the prevailing party in the trial court—Labonte's testimony proved that Moore was driving or operating the SUV at the time of the accident.

Moore attempted to impeach Labonte's identification with a photograph that purportedly showed that Labonte's description of Moore's clothing was inaccurate.  Any such impeachment was for the trial court's consideration when determining the probative value of Labonte's testimony, and the trial court, as the finder of fact, was entitled to credit Labonte's testimony.  *See Juniper v. Commonwealth*, 271 Va. 362, 415 (2006).  Therefore, we cannot say that the trial court was plainly wrong or without credible evidence in finding that the evidence established that Moore was the driver of the silver SUV.

## B.  Under the Influence of Alcohol

Unlike Code § 18.2-266(i), Code § 18.2-266(ii) does not "require[] proof of a specific blood-alcohol level."  *Beckham v. Commonwealth*, 67 Va. App. 654, 662 (2017).  Rather, the evidence must be sufficient to prove "beyond a reasonable doubt" that Moore was under the influence of alcohol by showing that he had "drunk enough alcoholic beverages to observably affect

---

[5] Any person convicted of three such offenses "committed within a 10-year period" is guilty of a Class 6 felony.  Code § 18.2-270(C)(1).

his manner, disposition, speech, muscular movement, general appearance or behavior." *Leake v. Commonwealth*, 27 Va. App. 101, 110 (1998) (quoting Code § 4.1-100).

"In determining whether a defendant was under the influence, a factfinder considers 'all of the evidence of his condition at the time of the alleged offense.'" *Hogle v. Commonwealth*, 75 Va. App. 743, 754 (2022) (quoting *Leake*, 27 Va. App. at 109). "Test results from a breath or blood test are not necessary or required to prove driving under the influence of alcohol or drugs." *Oliver v. Commonwealth*, 40 Va. App. 20, 24 (2003). "[C]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Pijor*, 294 Va. at 512 (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)).

Importantly, "circumstantial evidence is not viewed in isolation." *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Id.* at 665-66 (quoting *Derr v. Commonwealth*, 242 Va. 413, 425 (1991)). Relevant facts include the defendant's "manner, disposition, speech, muscular movement, general appearance or behavior." *Hogle*, 75 Va. App. at 753-54.

After Moore backed into a parked vehicle, he and the female passenger attempted to switch positions. As Moore walked around the car, he stumbled and required multiple steps to regain his balance. He then used the vehicle "as a way to stabilize himself." When Officer Dedmon arrived, he saw that Moore's eyes were "glassy, watery, and bloodshot." Officer Dedmon also smelled alcohol on Moore's breath and heard Moore slur his speech. Moore declined to perform any field sobriety tests. A rational factfinder could conclude that Moore's stumbling, slurred speech, glassy, watery, and bloodshot eyes, and general disposition all were indicative of intoxication. *See Leake*,

27 Va. App. at 110-11. Furthermore, although the collision itself is not dispositive proof of intoxication, it is another fact that the trial court could consider.

A factfinder may consider a defendant's "deceitful behavior immediately following the commission of a crime" as evidence of his consciousness of guilt. *Jones v. Commonwealth*, 279 Va. 52, 58 (2010). In this case, immediately after the collision, Moore and his passenger attempted to switch seats in the vehicle to make it appear that she had been driving instead of him. The trial court was entitled to conclude that this attempted deception showed that Moore knew he was intoxicated and sought to conceal his crime.

Therefore, we certainly cannot say that no rational factfinder could find that Moore was under the influence of alcohol when he drove into a parked vehicle in the restaurant parking lot on March 24, 2022.

## II. Motion to Set Aside the Verdict

Moore further argues, "The trial court erred in denying Moore's Motion to Set Aside Verdict."

Rule 1:1(a) states, "All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." This Court has previously explained that "[u]nless a court vacates or suspends a final order during the twenty-one-day period or some other exception to the general rule applies, the court loses jurisdiction over the case and any action taken by the trial court after the twenty-one-day period has run is a nullity." *Minor v. Commonwealth*, 66 Va. App. 728, 739-40 (2016).

In this case, the trial court entered the final order on August 29, 2024. On September 4, 2024, Moore filed a motion to set aside the verdict. More than 21 days after the August 29, 2024 final order was entered, on September 24, 2024, the trial court held a hearing on Moore's motion to

set aside the verdict and denied the motion by order entered on the same day. However, because the trial court no longer had jurisdiction to address Moore's motion to set aside the verdict on September 24, 2024, the trial court's September 24, 2024 order denying the motion "after the twenty-one-day period ha[d] run is a nullity." *Id.* Therefore, because that order was a nullity, we do not reach Moore's assignment of error challenging the trial court's denial of his motion to set aside the verdict.

## CONCLUSION

For all of the foregoing reasons, we do not disturb the judgment of the trial court.

*Affirmed.*